**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Foster Poultry Farms Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Curtis LaClaire, *et al.*,<br><br>Defendants. | No. CV-19-04630-PHX-JJT<br><br>**ORDER** |

At issue is Defendants' Motion to Dismiss (Doc. 14), to which Plaintiff filed a Response (Doc. 15) and Defendants filed a Reply (Doc. 16). The Court finds this matter appropriate for resolution without oral argument. *See* LRCiv 7.2(f).

Plaintiff Foster Poultry Farms Inc. is a California corporation with its principal place of business in California, and Defendant Curtis LaClaire was Plaintiff's employee from November 2017 to March 2019.[1] In June 2018, Plaintiff lent LaClaire $100,000, evidenced by a Recourse Promissory Note, when he purchased a home in California in order to assist him with expenses arising from his relocation from Arizona to California. The Note provides that the entire unpaid principal balance of the loan was due within 30 days following Plaintiff's termination of LaClaire's employment. Plaintiff terminated LaClaire in March 2019 and now alleges LaClaire has not paid back the loan. After his termination, LaClaire moved back to Arizona. Plaintiff filed this lawsuit on July 3, 2019, raising a claim of breach of promissory note against LaClaire. (Doc. 1, Compl.)

---

[1] Plaintiff also names Mr. LaClaire's wife as Defendant to reach the marital property.

In the Motion to Dismiss, LaClaire states that the parties tried to resolve their differences amicably but failed. LaClaire filed a wrongful termination suit against Plaintiff in California state court on June 10, 2019 (Doc. 14-1 at 20), which predates the present lawsuit by approximately one month. La Claire now moves to dismiss this matter on *forum non conveniens* grounds, arguing that Plaintiff's claim in this lawsuit is a compulsory counterclaim in the earlier California state court matter and that California state court is the proper forum for resolution of this lawsuit.

## I. *FORUM NON CONVENIENS*

A party seeking dismissal of an action for *forum non conveniens* must show "(1) the existence of an adequate alternative forum, and (2) that the balance of private and public interest factors favors dismissal." *Boston Telecomms. Grp., Inc. v. Wood*, 588 F.3d 1201, 1206 (9th Cir. 2009) (citation omitted).

### A. Adequate Alternative Forum

Ordinarily, an alternative forum exists when the defendant is amenable to service of process in the foreign forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n.22 (1981). In order for the alternative forum to be adequate, "it must provide the plaintiff with some remedy for his wrong." *Lueck v. Sunstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001). "[I]t is only in rare circumstances . . . where the remedy provided by the alternative forum . . . is so clearly inadequate or unsatisfactory, that it is no remedy at all," and the alternative forum is therefore not adequate. *Id.* (citation omitted).

LaClaire argues, and Plaintiff does not dispute, that California state court is an adequate alternative forum for the resolution of this dispute, and indeed a lawsuit between the parties based on related facts is already proceeding in that forum. Accordingly, the Court finds that California state court provides an adequate alternative forum.

### B. Private Interest Factors

The private interest factors a court must weigh in a *forum non conveniens* inquiry are as follows:

> (1) the residence of the parties and the witnesses; (2) the forum's convenience to the litigants; (3) access to physical

> evidence and other sources of proof; (4) whether unwilling witnesses can be compelled to testify; (5) the cost of bringing witnesses to trial; (6) the enforceability of the judgment; and (7) all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Boston Telecomms. Grp., Inc.*, 588 F.3d at 1207 (citation omitted).

The first factor—the residence of the parties and the witnesses—weighs slightly in favor of dismissal. Plaintiff is a California corporation with its principal place of business in California. LaClaire now resides in Arizona but resided in California at the time most of the actions underlying this lawsuit took place. And Plaintiff's choice of forum—Arizona—is not entitled to particular deference in an instance such as this where Plaintiff brought suit in a forum other than its home forum. *Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1091–92 (9th Cir. 1998). As for witnesses, Plaintiff's corporate representatives and employees are in California, LaClaire is in Arizona, and the other signatories to the Note are in neither California nor Arizona.

The second factor also weighs in favor of dismissal. The California state court in Plaintiff's home county is clearly convenient to Plaintiff, and LaClaire is already litigating in California, so adding Plaintiff's claim to the ongoing litigation is no inconvenience to LaClaire.

Likewise, the third factor favors dismissal, because most physical evidence will be in California, where Plaintiff is located, LaClaire relocated to work for Plaintiff, and the Note was executed.

The fourth factor favors dismissal because a California court can compel unwilling California witnesses to testify, and LaClaire and his wife are willing to testify in California. Arizona thus holds no advantage in this respect. And the fifth factor favors dismissal because Plaintiff and most Plaintiff-related witnesses are located in California, so the cost to bring them to trial is low. No witnesses are located in Arizona except LaClaire and his wife, who (again) are already litigating against Plaintiff in California.

The sixth factor slightly disfavors dismissal because, if Plaintiff prevails, it may have to domesticate a California judgment in Arizona, where LaClaire resides.

Other private interest factors weigh in favor of dismissal, however. This lawsuit is, as LaClaire points out, closely related to the lawsuit in California. Presumably, if the California court finds that LaClaire's termination was improper, then the Note's provision that payment became due 30 days from termination may never have been triggered. LaClaire has sufficiently demonstrated an overlap in evidence in the two lawsuits, and the Court agrees that the interests of efficiency and economy favor dismissing this action in favor of the ongoing, earlier-filed action in California. In sum, the private interest factors weigh in favor of dismissal.

**C.     Public Interest Factors**

The public interest factors a court must consider are "(1) the local interest in the lawsuit, (2) the court's familiarity with the governing law, (3) the burden on local courts and juries, (4) congestion in the court, and (5) the costs of resolving a dispute unrelated to a particular forum." *Boston Telecomms. Grp.*, 588 F.3d at 1211.

With regard to the first factor, the Court agrees with LaClaire that California has a stronger interest in this lawsuit than Arizona. Plaintiff and LaClaire executed the Note at issue in California, and the alleged breach occurred in California. Moreover, Plaintiff and LaClaire are of interest to California as California employer and California employee. Arizona's interest—in ensuring those who locate to Arizona pay debts incurred in another state—is limited by comparison. The first factor favors dismissal.

The second factor also favors dismissal. The Note contains a California choice of law provision, and no court is more familiar with California law than a California state court. While District Courts routinely apply state law from across the United States, it cannot be said that a District Court in Arizona is more familiar with California state law than a California state court.

The balance of the public interest factors is not compelling in either direction. But because California has a stronger interest in this lawsuit and California courts know best their state law, public interest favors dismissal.

Accordingly, the Court concludes that California state court is an adequate alternative forum and the balance of private and public interest factors weighs decidedly in favor of dismissal on the basis of *forum non conveniens*.

**IT IS THEREFORE ORDERED** granting Defendants' Motion to Dismiss (Doc. 14) on *forum non conveniens* grounds and dismissing Plaintiff's claim subject to the condition that Defendants shall neither contest jurisdiction nor raise a statute of limitations defense as to Plaintiff's claim if Plaintiff raises it in the California state court action.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 12th day of March, 2020.

Honorable John J. Tuchi
United States District Judge